**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED
AUG. 4, 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| ORAL GEORGE THOMPSON,           )<br>                                                          )<br>            Plaintiff,                       )<br>    v.                                             )     Civil Action No.  1:21-cv-01146 (UNA)<br>                                                          )<br>YAHOO! INC.,                                )<br>                                                          )<br>            Defendant.                   ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, filed a complaint, Dkt. 1 ("Compl."), and application for leave to proceed *in forma pauperis* ("IFP"), Dkt. 2, on April 26, 2021, but did not file a six-month trust accounting, as required by 28 U.S.C. § 1915(a)(2).  Another court in this District entered an order on May 26, 2021, directing plaintiff to submit the required financial information within thirty days of issue.  *See* Order, Dkt. 3. Plaintiff has now submitted the required financial information, *see* Dkt. 6, so the Court will grant plaintiff's pending IFP application and review the initiating pleading, *see* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).  For reasons explained below, this matter is dismissed.

Plaintiff, who was tried criminally in this Court and convicted on March 31, 2017, *see United States v. Gonzalez Bencomo, et al.*, No. 12-cr-00266 (D.D.C. filed Dec. 12, 2012), sues Yahoo!, Incorporated ("Yahoo").[1]  *See* Compl. at 1, 4–6; *see generally* Compl. Exs., Dkt. 1-1.  As part of the criminal investigation against him, a search warrant was issued to Yahoo in 2011.

---

[1] Plaintiff filed a substantially similar, if not identical lawsuit, *see Thompson v. Delbecq, et al.*, No. 20-cv-00255 (UNA) (D.D.C. filed Jan. 30, 2020), which was dismissed on March 9, 2020, *see* Dkts. 5, 6 (Memorandum Opinion & Order).

1

Subsequently, and during his criminal prosecution, a Yahoo representative, Ms. Delbecq, was called to testify to authenticate email account(s) and related materials associated with plaintiff. *See id.*; *see also Gonzalez Bencomo*, No. 12-cr-00266 at Mar. 28, 2017 Min. Entry. Plaintiff alleges that, as a result of this Court disclosure, he has suffered various privacy breaches, hacks, and other intrusions, over the course of the last decade. *See* Compl. at 2–4, 16–18. Plaintiff requests that the Court order Yahoo to "disclose their affiliation with a sophisticated hacker known as Marcus Morris Torrence . . . [b]efore serious bodily harm results." *Id.* at 18.

In support, he cites 18 U.S.C. § 2707. *Id.* at 1, 11–18. Section 2707(c) provides a private right of action for damages arising out of violations of the Stored Communications Act ("SCA"), *id.* at § 2701. He also cites 18 U.S.C. § 2520, which allows any person whose wire, oral, or electronic communications are intercepted and used in violation of the Electronic Communications Privacy Act ("ECPA") to recover damages. Plaintiff contends that the federal government, Yahoo, and Mr. Torrence are jointly conspiring to harass and surveil him, in contravention of these statutes. *See* Compl. at 3–4.

The Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (same). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint satisfies this standard.

Additionally, while a private right of action exists under 18 U.S.C. § 2520, under both 18 U.S.C. §§ 2707 and 2520, good faith reliance on a court warrant or order, a grand jury subpoena, a legislative authorization, or a statutory authorization, is considered a complete defense, *see* 18 U.S.C. §§ 2707(e), 2520(d).  Despite plaintiff's suspicions that the subpoena was improperly issued, *see* Compl. at 6–18, the subpoena, attached to plaintiff's complaint, *see* Compl. Exs. at 16–17, "was issued by a federal district court and included the title of the action and the cause number. . . [and] [n]othing else gives any indication of irregularity sufficient to put [defendant] on notice that the subpoena was" in any way improper.  *McCready v. eBay, Inc*., 453 F.3d 882, 892 (7th Cir. 2006).  "Therefore there is no indication that [defendant] acted in any fashion other than good faith, so that its compliance falls squarely within the statutory defense," as "[t]he subpoena was issued by a federal district court on behalf of a defendant in a pending lawsuit, seeking information about a party opponent which related to the case."  *Id*.

Furthermore, "in delineating the boundaries of criminal liability under Section 2701(a) and civil liability under Section 2707(a), Congress made no mention of conspiracy, aiding and abetting, or any other form of secondary liability."  *Council on American-Islamic Relations Action Network, Inc. v. Gaubatz*, 891 F. Supp. 2d 13, 26–7 (D.D.C. 2012).

Finally, these subsections of the SCA specify that an action may not be commenced later than two years after the date upon which the plaintiff first discovered or had a reasonable opportunity to discover the violation.  18 U.S.C. §§ 2707(f), 2520(e).  Plaintiff's own allegations clearly indicate that he became aware of these violations, at the *very* latest, during Ms. Delbecq's testimony, which took place in March 2017.  Therefore, plaintiff's claims are also time-barred.

For the reasons outlined above, the complaint and this case will be dismissed. Plaintiff's request for urgent service, Dkt. 3, will be denied as moot. A separate order accompanies this memorandum opinion.

DATE: August 4, 2021

CARL J. NICHOLS
United States District Judge